# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2021

Lyle W. Cayce
Clerk

No. 21-40297
Summary Calendar

JUAN JAVIER ORNELAS,

*Plaintiff—Appellant*,

*versus*

LEONTYNE HAYNES,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:18-CV-65

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Juan Javier Ornelas, Texas prisoner # 01758617, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that while he was confined at the Eastham Unit within the Texas Department of Criminal Justice (TDCJ), Leontyne Haynes retaliated against him for reporting a sexual

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

assault. Haynes served as the Eastham Unit's Safe Prisons Officer and was responsible for documenting and reporting claims of sexual abuse.

Ornelas argues that the district court erred in granting Haynes's motion for summary judgment and dismissing his § 1983 claim for failure to exhaust his administrative remedies. He also moves for the appointment of counsel. This court reviews the grant of summary judgment de novo and applies the same standard used by the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).

According to Ornelas, he complied with the prison's informal reporting process by submitting a letter to the TDCJ's Office of the Inspector General (OIG). Even if his OIG letter were sufficient to exhaust administrative remedies, Ornelas makes no mention of any retaliation by Haynes for filing a grievance. Ornelas cannot avoid summary judgment by resting on "unsubstantiated assertions" and "conclusory claims" that he complied with the TDCJ's informal reporting process. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

Ornelas further argues that the "ordinary" two-step grievance process was not available to him because Haynes and "other unit officials" used intimidation to prevent him from filing a formal grievance. As Haynes points out, however, the numerous grievances submitted by Ornelas around the time of the alleged retaliation belie his claim that the ordinary grievance process was unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 644 (2016).

Ornelas next argues that his Step Two grievance gave the TDCJ fair notice of his retaliation claim and satisfied the exhaustion requirement. The TDCJ provides a two-step process for filing grievances, and a prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Though Ornelas mentioned Haynes's retaliation in the last sentence of his Step Two

grievance, he did not raise any claim of retaliation against Haynes in a Step One grievance. Because he did not comply with all administrative remedies and procedural rules, he has failed to exhaust his administrative remedies. *See id.*

Finally, Ornelas argues that because his grievance was decided on the merits, Haynes has waived any argument of failure to exhaust his administrative remedies. Though the TDCJ's OIG opened an investigation into Ornelas's allegations of sexual assault, there is no evidence that his claims of retaliation raised in the related Step Two grievance were ever addressed on the merits. Accordingly, Haynes has not waived her argument that Ornelas's claims of retaliation are unexhausted, and the district court did not err in dismissing Ornelas's claims based on failure to comply with the TDCJ's grievance process. *See Gates v. Cook*, 376 F.3d 323, 331 n.6 (5th Cir. 2004).

Based on the foregoing, the judgment of the district court is AFFIRMED. Ornelas's motion for the appointment of counsel is DENIED.